William R. Richardson (009278)
**RICHARDSON & RICHARDSON, P.C.**
1745 South Alma School Road
Corporate Center • Suite 100
Mesa, Arizona 85210-3010

Tel.   (480) 464-0600
Fax.   (480) 464-0602
Email. wrichlaw@aol.com
Attorneys for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>**COPPER ROCK, LLC,**<br><br>　　　　　　Debtor. | Chapter 11<br><br>2:09-bk-20657-RTB |
| **CANICO CAPITAL GROUP, LLC**,<br>　　　　　　Movant,<br>vs.<br>**COPPER ROCK, LLC**,<br>　　　　　　Respondent. | **AMENDED[1] MOTION FOR ACCELERATED REHEARING RE MOTION TO ALTER OR AMEND ORDER TERMINATING AUTOMATIC STAY**<br><br>**AND**<br><br>**MOTION TO DISMISS** |

Copper Rock, LLC ("Debtor"), hereby requests that the Debtor's Motion to Alter or Amend (DKT #85) and the Debtor's Motion to Dismiss (DKT #87) matters be reheard on an accelerated basis. In support of this motion, the Debtor states as follows:

1.  These matters came on for hearing on August 12, 2010 at 9:00 a.m.

2.  The hearing that was scheduled was the third set for that date and time.

3.  Counsel was delayed in unusually heavy traffic and had his paralegal contact Lorraine Davis by email to inform the Court of the possibility of a slight delay in arrival.

---

[1] The only amendment to this Motion is reflected in the caption. The remainder of the Motion is unchanged from the original motion (Dkt #96).

4. Apparently, Ms. Davis was not in the Court to receive the email that was sent to her.

5. Counsel arrived just as the Court left the bench.

### **CASH COLLATERAL**

6. On August 11, 2010, counsel forwarded an email to Mr. Broberg, counsel for Canico Capital, in which counsel advised that the cash collateral owing to the Movant would be delivered at the hearing the following day. *See* attached Exhibit A[2].

7. Attached to the email was a true copy of the Debtor's online statement which reflected the amount in the account along with a copy of the check that was to be delivered the succeeding day.

8. Any allegation that the Debtor was attempting to abscond with any cash collateral was unfounded.

9. Counsel did, in fact, deliver the subject check to Mr. Broberg as he had just turned to leave the courtroom upon counsel's arrival.

10. The Debtor has now delivered all cash collateral to the Movant.

11. The Debtor's cash collateral obligations have now been more than met.[3]

### **MODIFYING THE ORDER FOR STAY RELIEF**

12. The Debtor notes that the Court has granted in part the motion to Alter or Amend by striking the first sentence of the first paragraph of the order that the Movant submitted in connection with the stay relief proceedings.

13. One other modification is still in order.

---

[2] Exhibit to the original Motion (Dkt #96) is incorporated herein by this reference.

[3] Such obligation was more than met as some of the funds that were delivered undoubtedly included laundry income which was not the cash collateral of the Movant. Additionally, the principal of the Debtor was informed the day of the hearing that slightly less than $3,000 was received after the date of the bank statement provided to Mr. Broberg. These funds are being forwarded to the attorney for the Movant as well. *See* Exhibit B to the original Motion (Dkt #96) which is incorporated herein by this reference.

14. Nowhere during the proceedings was the issue of the scope or extent of a security interest in personal property addressed.

15. Indeed, no financing statement was submitted to the court although the Debtor recognizes that paragraph 7.1 of the Deed of trust provides a security interest in certain fixtures.

16. Pursuant to A.R.S. §47-501(c) a *fixture* filing can certainly be perfected by the recording of an appropriate deed of trust.

17. Security Pacific Bank properly recorded a financing statement but no amendment or assignment was recorded for the benefit of the Movant in this case.

18. Thus, absent a properly perfected security interest, no determination could have been made as to whether Movant had an enforceable security interest in any personal property.

19. Indeed, pursuant to 11 U.S.C. §544, the security interest in the Debtor's personal property has been extinguished as the security interest has been foreclosed under the deed of trust and there is no valid security interest to benefit the creditor in this case.

20. There is accordingly no reason to have this court micro manage the Movant's attempts to recover any collateral.

21. Notwithstanding the foregoing, the Debtor stands willing to cooperate with the Movant and to tender all of the personal property that, under proper circumstances could be claimed by the Movant.

22. Thus, as reflected in the Declaration of Justin Wood attached hereto as Exhibit C,[4] the Movant has only to recover the keys to the premises where certain property is stored.

23. There is no other collateral known to the Debtor in which the Movant could possibly claim as Movant's collateral.

---

[4] Exhibit to the original Motion (Dkt #96) is incorporated herein by this reference.

24. Accordingly, there is nothing else to administer in this case.

**WHEREFORE**, the Debtor respectfully requests the Court to enter its order as follows:

    A. Deleting any reference to the Movant's interest in personalty as set forth in the Order for relief from Automatic Stay (DKT #82);

    B. Dismissing this case; and

    C. Retaining jurisdiction to the extent necessary to enforce this Court's orders.

**DATED** this ___2nd___ day of September, 2010.

                        **RICHARDSON & RICHARDSON, P.C.**

                        By___/s/ WRR 009278_____
                          William R. Richardson
                          1745 South Alma School Road
                          Corporate Center • Suite 100
                          Mesa, Arizona 85210-3010

**ORIGINAL** of the foregoing electronically
filed this ___2nd___ day of September, 2010
and a **COPY** mailed this same date to:

United States Trustee
230 N. First Avenue
Suite 204
Phoenix, AZ  85003-1706

J. Lawrence McCormley
Lance R. Broberg
Tiffany & Bosco, P.A.
Third Floor Camelback Esplanade II
2525 E. Camelback Road
Phoenix, AZ 85016
*Attorneys for Movant*

By__/s/ ajc_____
F:\DOC\DOC A-K\C\Copper Rock\Pleadings\MRS Canico\Mo Alter ORD rehearing AMD.wpd